UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

DAVID LOUIME,                            Plaintiff,          CIVIL COMPLAINT
                                                             42 U.S.C.A. § 1983

                        -against-

TAMIE CAMAMA-SUPERINTENDENT OF
GREEN HAVEN CORR. FAC.; et. al.,
PRESSLEY-CORRECTIONAL OFFICER OF DEPT OF
CORR.; P.SQUIRE-CORRECTIONAL OFFICER
OF DEPT OF CORR.; BERSHIA-CORRECTIONAL
OFFICER OF DEPT. OF CORR., M. MERCED-
CORRECTIONAL OFFICER OF DEPT OF CORR.;
; CHO GUTWEIN-HEARING OFFICER-DEPT OF CORR.;
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES,                                                  Jury Trial Requested
                                                             Docket # _____

                                    Respondent.
-----------------------------------------------------------------------X

## PRELIMINARY STATEMENT

This is a Civil Rights Action filed by plaintiff, David Louime, who is under the care and custody of the New York State Department of Corrections and Community Supervision (DOCCS), being held at Sing Sing Correctional Facility, for compensatory and punitive damages, and injunctive relief pursuant to Title 42 U.S.C. § 1983, alleging violation of rights secured under the United States Constitution, i.e., 8th and 14th Amendments, inflicted upon the plaintiff by the defendants, Department of Corrections and Community Supervision employees.

## JURISDICTION

This Court has jurisdiction over all federal claims pursuant to 42 U.S.C. § 1983 and 28 U.S.C 1331 and 28 U.S.C. 1343(a) under the Constitution of the United States and for redress of the deprivation, under color of state law, of rights secured by Acts of Congress providing for equal rights of persons within the jurisdiction of the United States and for damages against the defendants who violated plaintiff's U.S. Constitutional rights while acting under the color of state law, and in their individual and official capacities.

**PARTIES**

PLAINTIFF

Plaintiff, David Louime, held as a prisoner in a New York State prison, under the care and custody of the State Department of Corrections and Community Supervision. Plaintiff is being held at Sing Sing Correctional Facility, located at 354 Hunter Street, Ossining, New York 10562.   The incident in this 1983 derived at Green Haven Correctional Facility, located at 594 Rte. 216, Stormville, New York 12582-0010.

DEFENDANTS

Tamie Camama is the Superintendent of Green Haven Correctional Facility of the State of New York.  He is legally responsible for overall operations of the Green Haven Correctional Facility.

Gutwein is a hearing officer and he is legally responsible for conducting hearings in GHCF in accordance to Title 7 Rules and Regulations.

P. Squire, Pressley, Berisha, and M. Merced are Correctional Officers in the Department of Corrections who's assigned to GHCF.

Each defendant is being sued individually and in their official capacity under the color of State Law.

Defendants are represented by Ms. Letitia James, The Attorney General for the State of New York, at the address: The Capitol Albany, New York 12224.

NATURE OF THE CASE

1.    On said date of December 4, 2018, at approximately 12:00 p.m., while incarcerated at Green Haven Correctional Facility (herein after GHCF) in the H-Block housing area, Officer P. Squire was working the area for the afternoon chow (meal) run, securing the cells as the offenders walked to the East mess hall.

2.    C.O. Squire approached petitioner's cell, and stated: "*hurry the fuck up you moving like a bitch!*"  As I exited my cell, C.O. Squire began to follow me all the way down the tier screaming

racial epithets, all the while harassing and badgering me to the end of 5 Company; stating: " *I'm tired of you little niggers coming up there thinking this is play land; I'm goanna show you what we do to little pricks like you!"*

3.    As he continued to utter these obscene slurs, I could not help but feel afraid and hopeless, in fear of my life, and safety.   Nonetheless, I was not prepared for what occurred.

4.    Suddenly, C.O. Squire approached me in a very hostile and vulgar manner, as expressions of anger and rage filled his face, he pointed his trembling fingers in my face, and stated: "*:where you're I.D.*"   As I reached into my right pants pocket for my I.D., he stated again, "*where is your fucking I.D. you idiot*!"

5.    Just as I was extending my hand to show him my I.D., he struck me, forcefully, with a tight closed fist to the left side of my jaw and neck area, sending excruciating pain to my head. Apparently, the whole left side of my face was swelling and throbbing with extreme pain.

6.    As I stumbled to regain my composure and bearing, he continued the assault by following it up with rapid succession and combination of blows to both my face and head, whereby sending me crashing to the ground.   I was overwhelmed in pain, which both disoriented and traumatized me.

7.    However, the real nightmare started when C.O. Berisha and C.O. Pressley came running to his aid.   First, C.O. Berisha had started kicking me in the face and ribs and stomping me on top of the head, while C.O. Berisha placed his knee in the center of my back so that C.O. Pressley, 6 foot 200 lbs, could precisely kick and stomp my head without resistance.

8.    As I felt every stomp, it was like steel rods repeatedly crashing down my back and head. In hopes of a stoppage, C.O. Berisha had continued by pulling out his Billy-club and started beating me relentlessly until my whole body was limp and incapacitated.

9.    Thereafter, I would soon discover that the ordeal was far from over because C.O. Berisha pulled the pin for response team.   When they arrived, a bunch of C.O.'s stood over me shouting, "*Let's kill the bastard, and get it over with.*"

10.    Without any warning, they began beating me again, and this time was more painful because of the numerous injuries I sustained earlier, which my body went into shock, shut down, and I lost consciousness.   As I awoke, all I could remember was C.O. M. Merced had sprayed

me vigorously with pepper spray in my mouth, nose, ears, and eyes until the contents were empty.

11.     I laid there in a pool of my own blood screaming and pleading, "*please don't kill me!,*" but it was to no avail, because they continued to twist and bend my arms, while placing me in mechanical restraints before shoving me off to the SHU.

12.     In route to the SHU, I could not see the defendants because they were ramming my head into walls and gates along the way.   I suffered numerous bruises and lacerations to the head and face, which my skin felt as it was doused with gasoline and set on fire, due to pepper spray.

13.     Upon arriving to the SHU, I was shoved in a cold dark room and stripped of my clothing and thereafter, shoved into a cold shower; whereat, I screamed from the body pain and discomfort of washing pepper spray out of my eyes.

14.     After decontamination, I was shoved into a corner and I could barely see, and suddenly, a C.O.----- appeared holding a metal shank in his hand.   As I curled up into a fetal position, C.O.---said, "*Well, I guess today's going to be your lucky day; I'm not goanna kill you but you're wearing this weapon charge one way or another.*"

15.     In reply, I said, "*Sir, I don't know what you mean by that because I don't know where that came from.*"   Shortly thereafter, I was shoved into a dirty cell that reeked of feces and urine, lacking a mattress and line to sleep on.   I remained in that cell for more than 24 hours before being issued a torn-up mattress and human excrement and bodily fluids on sheets.    I informed the officer of my need of medical attention based upon the visible injuries sustained, but he replied, "*Shut the fuck up and stay off the gate.*"

16.     On or about December 16, 2018, 12 days later, I was served with two (2) misbehavior reports claiming a slew of false accusations and charges against Plaintiff.    Afterwards, I asked to speak to my employee assistant, and no one ever came to assist me.

17.     Several days later, while doing his rounds, I stopped the sick call nurse and disclosed to him that I was in desperate need of medical attention and I was being denied medical attention for quite some days.    Apparently, the nurse observed my cuts, abrasions, pain and discomfort, and submitted a requests for physical therapy session once a week.

## THE TIER III HEARING

18.    On or about December 18, 2018, I was called to my tier III Superintendent's hearing.  I informed the hearing officer that I haven't met with my employee assistant in order to obtain relevant documents to my defense.    Thereafter, the hearing was postponed until I've met with my assistance.

*19.*    On or about February 18, 2021, my hearing was scheduled to commence again, but unexpectedly, it was postponed again until further notice due to my tier assistance failure to provide relevant documents and inmate witnesses to my defense.

*20.*     Specifically, I requested inmate Goode, who was located in H-2-25 cell and several other inmate witnesses who disclosed their reluctance based on being in fear of their lives, retaliation, and threats by staff not to testify for me.

*21.*    However, I request a copy of the inmate witness refusal forms and any follow up procedures to substantiate their allegations, which were never produced.

*22.*    When the hearing finally commenced, the hearing officer Gutwien was very precise about finding me guilty before even hearing the facts of the circumstances surrounding the MBR. Off the record, he had stated: *"You really think I'm going to take your word over this officer; these are my colleagues.  I believe you are guilty because you're a convict.   I think all you guys lie."*

*23.*    In reply, I stated: *"I have no reason to lie."*   Suddenly, the hearing officer started screaming at me, in a very threatening and menacing manner, and stated: *"Look if you're not going to plead guilty and take this time?  I will assure you of the max!  Now, quit wasting my time you fucking moron!"*

*24.*    The Hearing officer specifically told me that if I didn't plead guilty, he would keep postponing the hearing stagnating my due process rights.

*25.*    In addition, the hearing officer had given a direct order for SHU officers to deny me access to the prison Law Library, which denied me research, a defense, and access to the courts.

*26.*    However, there was no extension for the Superintendent's hearing going past 14 days. Petitioner's hearing was commenced nearly 30 days after confinement without extension being in violation of N.Y.C.R.R.§ 251-5.1

27.    Nonetheless, Plaintiff was improperly found guilty of all charges and subsequently sanctioned to 120 days SHU and loss of privileges (i.e., *phone, visit, packages & commissary*) he did not commit.

28.    On September 24, 2020, pursuant to CPLR article 78, the Superintendent's hearing finding Petitioner guilty of violating certain prison disciplinary rules was administratively reversed. Louime v. Venettozzi, 186 A.D. 3d 1870 (3 Dept. 2020)

## GRIEVANCES

29.    During the interim, I filed several grievances ( *See: Log. No.# GH91340-19)* in relation to the assault, injuries, use of excessive force upon my person, lack of medical attention, and destruction of my personal property.   First, on or about December 20, 2019, after receiving my property and learning many items were missing, I inquired of such matter from the SHU C.O., and he stated: "What the fuck you want me to do?  I don't care."

## STATE PROPERTY CLAIM

30.    Subsequently thereafter, I filed a grievance on my loss of property from H-block to SHU. The grievance was returned on or about January 28, 2019, disclosing that "they acknowledge the receipt of said grievance."  In addition, petitioner filled-out a property claim form and K. Swain, Institution Steward stated: "Your claim *[#080-015-19]* has been received and will be investigated," which was later denied.

31.    On or about February 7, 2019, the grievance was denied.    On or about February 11, 2019, an appeal was filed to C.O.R.C. acknowledging receipt of claim *#GH-91079-18.*

32.    Over the course of 2 months in SHU, I was forced to remain in a filthy, cold, and dark cell that reeked with feces and urine.

33.    I requested seven (7) times for medical attention based upon complaints of severe back and head pain, and injuries I suffered from the attack.  Under such conditions, I suffered from malnutrition and lack of sleep, and I loss a tremendous amount of weight due to my swollen jaw and being served cold food all the time.

## EXHAUSTION OF LEGAL REMEDIES

34.    Plaintiff David Louime used the prisoner grievance procedure available at GHCF to resolve said problems.   On December 20, 2018, Plaintiff presented facts in relation to this complaint.   On February 7, 2019, Plaintiff was sent a response saying that the grievance had been denied.  On February 11, 2019, Plaintiff appealed the denial of the grievance.

CAUSE OF ACTIONS

35.    To state a claim under Section 1983, a plaintiff must allege that the challenged conduct: (1) was attributable to a person acting under color of state law, and (2) deprivate the Plaintiff of rights, privileges, or immunities secured by the Constitution and laws by a person acting under the color of state law, 42 U.S.C. 1983; see also: Whalen v. County of Fulton, 126 F.3d 400, 405 (2 Cir. 1997)(citing...Eagleston v. Guido, 41 F.3d 865, 875-76( 2 Cir. 1994)    Section §1983 does not itself create substantive rights; it offers "a method for vindicating federal rights elsewhere conferred."    Id.    Further, a prerequisite for liability under §1983 is "personal involvement" by the defendants in the alleged constitutional deprivation. Spencer v. Doe, 139 F.3d 107, 112 (2 Cir. 1998)

## FIRST CAUSE OF ACTION OF SOUNDING IN USE OF EXCESSIVE FORCE

36.    Plaintiff repeats, reiterates, and realleges each and every paragraph of this complaint numbered "1" through "35" with the same force and effect as if more fully set forth herein at length.

37    In exerting excessive force, in beating, kicking, and abusing, plaintiff and facilitating the beating, kicking and abuse of plaintiff defendants violated plaintiff's constitutional rights under the 8th and 14th Amendments of the Constitution of the United States of America.

38.    That by reason of the foregoing, on or about December 4, 2018, and continuing thereafter the defendants, their agents, servants and/or employees, did intentionally, wantonly, unlawfully and maliciously, assault, batter, choke, kick, and beat the plaintiff as well as intentionally, wantonly, unlawfully and maliciously facilitate the beating, kicking and abuse of plaintiff.

39.    Mr. Louime alleges that Defendants {C.O. Squire , C.O. Pressly, C.O. Bershia & C.O. M. Merced} conduct in beating him violated the Eighth Amendment rights prohibiting cruel and unusual punishment by use of excessive force that caused him significant injury, resulted "directly and only from the use of force that was clearly excessive to the need," the excessiveness of which was objectively unreasonable, and the action constituted an unnecessary and wanton infliction of pain. Plaintiff alleges that the force applied was maliciously and

sadistically for the very purpose of cause harm. *42 U.S.C.A.§ 1983; U.S.C.A. Const. Amend. 8*; Hudson v. McMillian, 503 U.S. 1, 5-6 (1992)

40.     That the Department of Corrections and Community Supervision , negligently trained, supervised, and monitored its personnel, and failed to promulgate and put into effect appropriate rules, regulations and procedures governing its Correctional Officers, so as to prevent the willful disregard of plaintiffs humane and constitutional rights guaranteed by the Constitution of the United States and plaintiff's Civil Rights as set forth by Section 1980, et seq. of Chapter 42 of the United States Code.

41.     As a result of the foregoing, plaintiff was caused to sustain damage and injury, including, but not limited to deprivation of liberty, medical treatment, due process, physical and mental suffering, indignity, humiliation, shame and disgrace, and loss of personal effects.

## SECOND CAUSE OF ACTION SOUNDING IN DENIAL OF MEDICAL TREATMENT/DELIBERATE INDIFFERECNE

42.     Plaintiff repeats, reiterates and realleges each and every paragraph of this complaint numbered "36" through "41" with the same force and effect as if more fully set forth herein at length.

43.     In exerting excessive force, in beating, kicking, and abusing, plaintiff and facilitating the beating, kicking and abuse of plaintiff defendants violated plaintiff's constitutional rights under the 8th and 14th Amendments of the Constitution of the United States of America.

44.     That by reason of the foregoing, on or about December 4, 2018, and continuing thereafter the defendants, their agents, servants and/or employees, did intentionally, wantonly, unlawfully and maliciously, assault, batter, choke, kick, and beat the plaintiff as well as intentionally, wantonly, unlawfully and maliciously facilitate the beating, kicking and abuse of plaintiff.

45.     Plaintiff claim that he was denied appropriate medical attention in violation of the Eighth Amendment stems from the assault he alleges that he suffered at the hands of *C.O. Squire , C.O. Pressly, C.O. Bershia & C.O. M. Merced* on December 4, 2018, at approximately 12:00 p.m., while incarcerated at Green Haven Correctional Facility in the H-Block housing area.  He alleges that after that assault he asked*******for medical assistance, but his request was ignored. Defendants conduct were deliberately indifferent to his condition because he suffered from

severe pain warranting prompt medical attention, made multiple complaints of pain, and prison officials withheld treatment for the purpose of causing him to suffer. Snyder v. McGinnis, 2004 WL 1949472

46.    That the Department of Corrections and Community Supervision , negligently trained, supervised, and monitored its personnel, and failed to promulgate and put into effect appropriate rules, regulations and procedures governing its Correctional Officers, so as to prevent the willful disregard of plaintiffs humane and constitutional rights guaranteed by the Constitution of the United States and plaintiff's Civil Rights as set forth by Section 1980, et seq. of Chapter 42 of the United States Code.

47.    As a result of the foregoing, plaintiff was caused to sustain damage and injury, including, but not limited to deprivation of liberty, medical treatment, due process, physical and mental suffering, indignity, humiliation, shame and disgrace, and loss of personal effects.

## THIRD CAUSE OF ACTION SOUNDING IN FILING FALSE MISBEHAVIOR CHARGES TO COVER UP ASSAULT

47.    Plaintiff repeats, reiterates, and realleges each and every paragraph of this complaint numbered "42" through "47" with the same force and effect as if more fully set forth herein at length.

49.    In exerting excessive force, in beating, kicking, and abusing, plaintiff and facilitating the beating, kicking and abuse of plaintiff defendants violated plaintiff's constitutional rights under the 8th and 14th Amendments of the Constitution of the United States of America.

50.    That by reason of the foregoing, on or about December 4, 2018, and continuing thereafter the defendants, their agents, servants and/or employees, did intentionally, wantonly, unlawfully and maliciously, assault, batter, choke, kick, and beat the plaintiff as well as intentionally, wantonly, unlawfully and maliciously facilitate the beating, kicking and abuse of plaintiff.

51.    Plaintiff alleges that *C.O. Squire , C.O. Pressly, C.O. Bershia & C.O. M. Merced* filed a false misbehavior report against plaintiff on or about December 16, 2018.  He alleges that defendant's did so to "cover up" for the assault perpetrated on plaintiff. Franco v. Kelly, 854 F.2d 584 (2 cir. 1988)

52.     That the Department of Corrections and Community Supervision , negligently trained, supervised, and monitored its personnel, and failed to promulgate and put into effect appropriate rules, regulations and procedures governing its Correctional Officers, so as to prevent the willful disregard of plaintiffs humane and constitutional rights guaranteed by the Constitution of the United States and plaintiff's Civil Rights as set forth by Section 1980, et seq. of Chapter 42 of the United States Code.

53.     As a result of the foregoing, plaintiff was caused to sustain damage and injury, including, but not limited to deprivation of liberty, medical treatment, due process, physical and mental suffering, indignity, humiliation, shame and disgrace, and loss of personal effects.

## FOURTH CAUSE OF ACTION SOUNDING IN DESTRUCTION OF PERSONAL PROPERTY

54.     Plaintiff repeats, reiterates and realleges each and every paragraph of this complaint numbered "47" through "53" with the same force and effect as if more fully set forth herein at length.

55.     In exerting excessive force, in beating, kicking, and abusing, plaintiff and facilitating the beating, kicking and abuse of plaintiff defendants violated plaintiff's constitutional rights under the 8th and 14th Amendments of the Constitution of the United States of America.

56.     Petitioner alleges that the hearing officer had give a direct order for SHU officers to deny him access to the prison Law Library, which denied him research, a defense, access to the courts, and redress of destruction of personal property.   Defendants deliberate destruction of his property and the denial of State claim form, or any access to redress provided no postdeprivaiton remedy for the destruction of property. Hudson v. Palmer, 468 U.S. 517, at 534 (1984)

57.     That by reason of the foregoing, on or about December 4, 2018, and continuing thereafter the defendants, their agents, servants and/or employees, did intentionally, wantonly, unlawfully and maliciously, assault, batter, choke, kick, and beat the plaintiff as well as intentionally, wantonly, unlawfully and maliciously facilitate the beating, kicking and abuse of plaintiff.

58.     That the Department of Corrections and Community Supervison , negligently trained, supervised, and monitored its personnel, and failed to promulgate and put into effect appropriate rules, regulations and procedures governing its Correctional Officers, so as to prevent the willful

disregard of plaintiffs humane and constitutional rights guaranteed by the Constitution of the United States and plaintiff's Civil Rights as set forth by Section 1980, et seq. of Chapter 42 of the United States Code.

**59.**    As a result of the foregoing, plaintiff was caused to sustain damage and injury, including, but not limited to deprivation of liberty, medical treatment, due process, physical and mental suffering, indignity, humiliation, shame and disgrace, and loss of personal effects.

## FIFTH CAUSE OF ACTION SOUNDING IN BEING DENIED DUE PROCESS AT SUPERINTENDENT'S HEARING

**60.**    Plaintiff repeats, reiterates and realleges each and every paragraph of this complaint numbered "54" through "59" with the same force and effect as if more fully set forth herein at length.

**61.**    In exerting excessive force, in beating, kicking, and abusing, plaintiff and facilitating the beating, kicking and abuse of plaintiff defendants violated plaintiff's constitutional rights under the 8th and 14th Amendments of the Constitution of the United States of America.

**62.**    That by reason of the foregoing, on or about December 4, 2018, and continuing thereafter the defendants, their agents, servants and/or employees, did intentionally, wantonly, unlawfully and maliciously, assault, batter, choke, kick, and beat the plaintiff as well as intentionally, wantonly, unlawfully and maliciously facilitate the beating, kicking and abuse of plaintiff.

**63.**    Plaintiff alleges a Fourteenth Amendment deprivation of his liberty interest when he suffered "atypical and significant hardship' by the disciplinary charges, without due process by Defendant Gutwien, at his Superintendent's hearing.   Plaintiff claims that Gutwien sustained misbehavior charges against him that where contrary to the evidence, prior to refusing to allow plaintiff to be provided with employee assistance, continuing hearing on an invalid extension, and providing him with no assistance for witnesses for his defense.  Defendant's conduct was atypical and significant hardship based him imposing a 120 days SHU time on innocent prisoner, limited his mobility and privileges from general population, and no review at all. *U.S.C.A. Const. Amend 14*; Wright v. Coughlin, 132 F.3d 133, 136 (2 Cir.1998)    In this claim, Plaintiff has shown that these circumstances was atypical and significant hardship in relation to the SHU confinement. Id.

**64.**    That the Department of Corrections and Community Supervison , negligently trained, supervised, and monitored its personnel, and failed to promulgate and put into effect appropriate rules, regulations and procedures governing its Correctional Officers, so as to prevent the willful disregard of plaintiffs.humane and constitutional rights guaranteed by the Constitution of the United States and plaintiff's Civil Rights as set forth by Section 1980, et seq. of Chapter 42 of the United States Code.

**65.**    As a result of the foregoing, plaintiff was caused to sustain damage and injury, including, but not limited to deprivation of liberty, medical treatment, due process, physical and mental suffering, indignity, humiliation, shame and disgrace, and loss of personal effects.

## SIXTH CAUSE OF ACTION SOUNDING IN RETALIATORY CRUEL AND UNUSUAL TREATMENT IN INHUMANE CONDITIONS OF SHU CONFINEMENT

**66.**    Plaintiff repeats, reiterates and realleges each and every paragraph of this complaint numbered "60" through "65" with the same force and effect as if more fully set forth herein at length.

**67.**    In exerting excessive force, in beating, kicking, and abusing, plaintiff and facilitating the beating, kicking and abuse of plaintiff defendants violated plaintiff's constitutional rights under the 8th and 14th Amendments of the Constitution of the United States of America.

**68.**    That by reason of the foregoing, on or about December 4, 2018, and continuing thereafter the defendants, their agents, servants and/or employees, did intentionally, wantonly, unlawfully and maliciously, assault, batter, choke, kick, and beat the plaintiff as well as intentionally, wantonly, unlawfully and maliciously facilitate the beating, kicking and abuse of plaintiff.

**69.**    After the assault and without medical treatment, Petitioner asserts that Defendants forced him into a SHU cell that was smeared with feces on the wall, without sheets or a mattress, which prevent sleep, for 7 days. This inhumane condition was so extreme in nature as to merit cruel and unusual treatment in violation of Eighth Amendment. Tafari v. McCarthy, 714 Supp.2d 317, 367 (NDNY 2020)

**70.**    That the Department of Corrections and Community Supervison , negligently trained, supervised, and monitored its personnel, and failed to promulgate and put into effect appropriate rules, regulations and procedures governing its Correctional Officers, so as to prevent the willful disregard of plaintiffs humane and constitutional rights guaranteed by the Constitution of the

United States and plaintiff's Civil Rights as set forth by Section 1980, et seq. of Chapter 42 of the United States Code.

71.     As a result of the foregoing, plaintiff was caused to sustain damage and injury, including, but not limited to deprivation of liberty, medical treatment, due process, physical and mental suffering, indignity, humiliation, shame and disgrace, and loss of personal effects.

## SEVENTH CAUSE OF ACTION SOUNDING IN DENIAL ACCESS TO COURT

72.     Plaintiff repeats, reiterates and realleges each and every paragraph of this complaint numbered "66" through "71" with the same force and effect as if more fully set forth herein at length.

73.     In exerting excessive force, in beating, kicking, and abusing, plaintiff and facilitating the beating, kicking and abuse of plaintiff defendants violated plaintiff's constitutional rights under the 8th and 14th Amendments of the Constitution of the United States of America.

74.     That by reason of the foregoing, on or about December 4, 2018, and continuing thereafter the defendants, their agents, servants and/or employees, did intentionally, wantonly, unlawfully and maliciously, assault, batter, choke, kick, and beat the plaintiff as well as intentionally, wantonly, unlawfully and maliciously facilitate the beating, kicking and abuse of plaintiff.

75.     Plaintiff alleges he was denied his constitutional right of access to the courts because he was restricted, by hearing officer Gutwien, in researching a defense to disclinplinary charges and access to law library personnel while confined in the Green Haven SHU.  Lewis v. Casey, 518 U.S. 343, 349-351(1996)

76.     That the Department of Corrections and Community Supervison , negligently trained, supervised, and monitored its personnel, and failed to promulgate and put into effect appropriate rules, regulations and procedures governing its Correctional Officers, so as to prevent the willful disregard of plaintiffs humane and constitutional rights guaranteed by the Constitution of the United States and plaintiff's Civil Rights as set forth by Section 1980, et seq. of Chapter 42 of the United States Code.

77.     As a result of the foregoing, plaintiff was caused to sustain damage and injury, including, but not limited to deprivation of liberty, medical treatment, due process, physical and mental suffering, indignity, humiliation, shame and disgrace, and loss of personal effects.

## EIGHTH CAUSE OF ACTION SOUNDING IN FAILING TO
## PREVENT THE HARM

**78.**    Plaintiff repeats, reiterates and realleges each and every paragraph of this complaint numbered "72" through "77" with the same force and effect as if more fully set forth herein at length.

**79.**    In exerting excessive force, in beating, kicking, and abusing, plaintiff and facilitating the beating, kicking and abuse of plaintiff defendants violated plaintiff's constitutional rights under the 8th and 14th Amendments of the Constitution of the United States of America.

**80.**    That by reason of the foregoing, on or about December 4, 2018, and continuing thereafter the defendants, their agents, servants and/or employees, did intentionally, wantonly, unlawfully and maliciously, assault, batter, choke, kick, and beat the plaintiff as well as intentionally, wantonly, unlawfully and maliciously facilitate the beating, kicking and abuse of plaintiff.

**81.**    Petitioner allege that Superintendent T. Camama failed to prevent or intervene to stop the assault, return or compensate for stolen property, denial of medical treatment, and inhumane SHU treatment by Correctional Officers in violating his constitutional rights. Therefore, T. Camama is liable where he had a realistic opportunity ti intervene and prevent the harm, knew constitutional rights were violated, and did not take any reasonable steps to intervene. Tafari v. McCarthy, 714 F.Supp.2d 317, 342 (2010)

**82.**    That the Department of Corrections and Community Supervison, negligently trained, supervised, and monitored its personnel, and failed to promulgate and put into effect appropriate rules, regulations and procedures governing its Correctional Officers, so as to prevent the willful disregard of plaintiffs humane and constitutional rights guaranteed by the Constitution of the United States and plaintiff's Civil Rights as set forth by Section 1980, et seq. of Chapter 42 of the United States Code.

**83.**    As a result of the foregoing, plaintiff was caused to sustain damage and injury, including, but not limited to deprivation of liberty, medical treatment, due process, physical and mental suffering, indignity, humiliation, shame and disgrace, and loss of personal effects.

# RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully prays that this court enter judgment granting plaintiff:

A). A declaration that the acts and omissions described herein violated Plaintiff's 8th and 14th Amendment righs under the Constitution and laws of the United States;

B). A preliminary and permanent injunction ordering defendants to stop retaliation and assaulting plaintiff, and destroying his personal property;

C). Plaintiff seeks (ten) $10 million in compensatory damages, (five) $5 million in consequential damages, (fifthteen) $15 million in non-pecuniary loss, and (ten) $10 million in punitive damages.

D). A jury trial on all issues triable by jury;

E). Reimburesment of costs of this suit; and

F). Any additional relief this court deems just, proper, and equitable.


Dated: _Nov. 15_ 2021


_____

David Louime,# 17-A-3218
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

# VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I declare under penalty of perjury that the foregoing is true and correct.

David Louime,#  17-A-3218

VERIFICATION

STATE OF NEW YORK   )
                                 ) ss.:
COUNTY OF WESTCHESTER)


____DAVID LOUIME_____, being duly sworn, deposes and says:

I have read the foregoing and know the contents thereof.

The same is true to my own knowledge, except as to those matters therein stated to be alleged on

information and belief, and as to those matters I believe them to be true.


 

 

_____
  D.Louime
Din # _17-A-3218_
Sing Sing C.F.
354 Hunter Street
Ossining, New York 10562


SWORN TO BEFORE ME THIS
15 DAY OF November, 2021
_____
NOTARY PUBLIC

TYRELL HILL
STATE
OF NEW YORK
NOTARY PUBLIC
Qualified in Queens County
01HI6097838
MY COMMISSION EXPIRES 09/02/2023

# AFFIDAVIT OF SERVICE

State of New York)

                   ) ss.:

County of Westchester)

     I    DAVID LOUIME   , being duly sworn, deposes and says:

I am over eighteen years of age. I have on this 15 day of November ,

20__, placed and submitted within the institutional mailbox located at Sing Sing Correctional

Facility, 354 Hunter Street, Ossining, New York 10562, a true and accurate copy of:

     1. Civil Action Pursuant to Title 42 U.S.C.A §1983 .
     2. _____ .
     3. _____ .
     4. _____ .
     5. _____ .
     6. _____ .

To be duly mailed and delivered by the United States Postal Service [USPS] upon the following

parties to this action:

     U.S. District Court
     Southern District of N.Y.
     500 Pearl Street
     New York, N.Y. 10007

Respectfully submitted,

D.Louime

SWORN TO BEFORE ME THIS

15 DAY OF November, 2021

NOTARY PUBLIC

TYRELL HILL
STATE
OF NEW YORK
NOTARY PUBLIC
Qualified in Queens County
01HI6097838
MY COMMISSION EXPIRES 09/02/2023

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

DAVID LOUIME _____ v.

T. CAMAMA- SUPERINT-

ENDENT OF GREEN HAVEN (CF)

**CERTIFICATE OF SERVICE**
Docket Number: _____

I, _David Louime_, hereby certify under penalty of perjury that on
(name)
_November 15, 2021_, I served a copy of _Civil Action_
(date)
_Pursuant to Title 42 U.S.C. A.§ 1983_
(list all documents)

by (select all applicable)*

- ☑ United States Mail
- ☐ Federal Express
- ☐ Overnight Mail
- ☐ Facsimile
- ☐ E-mail
- ☐ Hand delivery

on the following parties (complete all information and add additional pages as necessary):

_U.S. District Court ~ 500 Pearl St. N.Y.C 10007_

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

_November 15, 2021_
Today's Date

_____
Signature

*If different methods of service have been used on different parties, please indicate on a separate page, the type of service used for each respective party.

Certificate of Service Form

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DAVID LOUIME                    Plaintiff,                              SUMMONS

                                                                Civil Action Pursuant to
            -against-                                           Title 42 U.S.C.A. § 1983
                                                                Docket # _____

T.CAMAMA-SUPERINTENDENT OF
GREEN HAVEN CORR. FAC.; et al.,
PRESSLEY-CORRECTIONAL OFFICER OF DEPT OF
CORR.; P.SQUIRE-CORRECTIONAL OFFICER
OF DEPT OF CORR.; BERSHIA-CORRECTIONAL
OFFICER OF DEPT. OF CORR., M. MERCED-
CORRECTIONAL OFFICER OF DEPT OF CORR.;
CHO GUTWEIN-HEARING OFFICER-DEPT OF CORR.;
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES,                     Defendants.
-----------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANTS:


         You are hereby summoned, and required to serve upon plaintiff (at the address below) an

answer to the complaint in this action within twentyone (21) days after service of this Summons,

exclusive of the day of services, or within sixthy (60) days after service is completed if the

summons is not personally delivered to you within the State of New York. In case of your failure

to answer, judgment will be taken against you by default for the relief demanded in the

complaint.



Dated: _November 15, 2021_

Ossining, New York 10562

                                                    _____
                                                    David Louime
                                                    Sing Sing Correctional Facility
                                                    354 Hunter Street
                                                    Ossining, New York 10562

David Louime
17-A-3218
Sing Sing Correctional Fac.
354 Hunter Street
Ossining, NY 10562



LEGAL MAIL

quadient
11/16/2021
US POSTAGE $001.76⁰

ZIP 10562
041M11470503

U.S. District Court
Southern District Of New York
500 Pearl St.
New York, NY 10007

RECEIVED
SDNY PRO SE OFFICE
2021 NOV 18  PM 2:36

USMP3
SDNY

