UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

DAVID LOUIME,

                Plaintiff,

-against-

TAMIE CAMAMA – SUPERINTENDENT OF
GREEN HAVEN CORR. FAC., ET AL.,

                Defendants.

21-CV-9594 (VB)

ORDER OF SERVICE

---

VINCENT L. BRICCETTI, United States District Judge:

Plaintiff, who is currently incarcerated in Sing Sing Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights when he was incarcerated in Green Haven Correctional Facility. By order dated December 2, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## DISCUSSION

**A.**  **Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Superintendent Tamie Camama; Correction Officers Pressley, P. Squire, Bershia, and M. Merced; and Hearing Officer Gutwein through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of

service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

## CONCLUSION

The Clerk of Court is instructed to issue summonses, complete the USM-285 forms with the addresses for Superintendent Tamie Camama; Correction Officers Pressley, P. Squire, Bershia, and M. Merced; and Hearing Officer Gutwein, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Local Civil Rule 33.2 applies to this action.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff, together with an information package.

Dated: December 3, 2021
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

## DEFENDANTS AND SERVICE ADDRESSES

1. Superintendent Tamie Camama
   Green Haven Correctional Facility
   594 Rte. 216
   Stormville, NY 12582

2. Correction Officer Pressley
   Green Haven Correctional Facility
   594 Rte. 216
   Stormville, NY 12582

3. Correction Officer P. Squire
   Green Haven Correctional Facility
   594 Rte. 216
   Stormville, NY 12582

4. Correction Officer Bershia
   Green Haven Correctional Facility
   594 Rte. 216
   Stormville, NY 12582

5. Correction Officer M. Merced
   Green Haven Correctional Facility
   594 Rte. 216
   Stormville, NY 12582

6. Hearing Officer Gutwein
   Green Haven Correctional Facility
   594 Rte. 216
   Stormville, NY 12582